UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11025-RGS

CURTIS HOWELL

v.

PLANET FITNESS, BOSTON POLICE DEPARTMENT, DEPARTMENT OF JUSTICE [F.T.C, F.B.I.], SUFFOLK COUNTY DISTRICT ATTORNEY and VERIZON

MEMORANDUM AND ORDER

July 29, 2022

For the reasons set forth below, the court will allow plaintiff's motion for leave to proceed *in forma pauperis* and deny plaintiff's motion for correction of clerical errors. If plaintiff wishes to proceed with this action, the court grants him time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

BACKGROUND

On June 27, 2022, Curtis Howell ("Howell" or "plaintiff") initiated this action by filing a pro se complaint with a motion for leave to proceed *in forma pauperis*.[1] *See* Docket Nos. 1, 2.

---

[1] The instant action is one of 5 pro se actions filed by Curtis Howell on June 28, 2022. *See also Howell v MBTA*, 22-11024-FDS; *Howell v Mass. Attorney Gen., et al.*, 22-11028-NMG; *Howell v. Lowell Reg'l Transit*

The complaint consists of four-pages, primarily single-spaced and typed. Docket No. 1. The case caption identifies the following five defendants: Planet Fitness; the Boston Police Department; the Department of Justice FTC, FBI; the Suffolk County District Attorney's Office; and Verizon. *Id.* at 1 (caption). Except for the Department of Justice, the body of the complaint names the same defendants. *Id.* at p. 1 ¶¶ B-F (defendant).

As best can be gleaned from the allegations in the complaint, Howell complains that while at Planet Fitness, his phone was stolen and he was sexually assaulted. Howell contends that he contacted the police, who did not respond or investigate. Howell complains that Verizon did not assist Howell in locating his phone. He subsequently filed complaints with the district attorney, attorney general and several federal agencies.

The factual allegations are found in seventeen separate, single-spaced paragraphs. *Id.* at p. 1-2 ¶¶ 1-17. Howell presents the "statement of claims /

---

*Auth.*, 22-11027-AK; *Howell v Mass Rehab. Comm'n*, 22-11030-FDS. Howell previously filed 4 pro se cases on December 8, 2021 as follows: *Howell v. Dep't of Hous., et al.*, C.A. No. 21-11978-ADB (dismissed May 2, 2022); *Howell v. Lowell Police Dep't, et al.*, C.A. No. 21-11974-AK (pending); *Howell v. Middlesex Cmty. Coll., et al.*, C.A. No. 21-11976-JGD (pending); and *Howell v. Mass. Attorneys Gen,, et al.*, C.A. No. 21-11979-ADB (dismissed July 18, 2022).

right of action" in 14 separate, single-spaced paragraphs. *Id.* at p. 2-3 ¶¶ A(1) – G(1).  The complaint lists over a dozen federal statutes throughout the complaint including the following: 42 U.S.C. § 1981; 42 U.S.C. § 1982, 42 U.S.C. § 1983; 42 U.S.C. § 1986; 42 U.S.C. § 2000a; 42 U.S.C. § 2000a-1; 42 U.S.C. § 2000d-2; 42 U.S.C. § 2000a-6; 42 U.S.C. § 2000b-2; 42 U.S.C. § 2000b-3; 42 U.S.C. § 2000d; 42 U.S.C. § 2000d-7; 29 U.S.C. § 794; 29 U.S.C. § 794a; 504 Rehabilitation Act, American with Disability Act, Denial of 42 U.S.C. § 2000h-2; denial of the First Amendment Right, denial of the 4th Amendment Right, denial of the 5th and 14th, 42 U.S.C. § 2000bb-1; 42 U.S.C. § bb-3 Amendment Right; 42 U.S.C. § 2000C-8; 42 U.S.C. § 2000aa-6; 42 U.S.C. § 2000aa.  *See e.g. id.* at p. 2 ¶ B(1).

For relief, Howell seeks billions of dollars the "profit margin related to all [of Howell's] intellectual properties that were in [Howell's] phone that [he] tried to protect [himself] from theft over 4 years from (2018-2022), but [he] was never given assistance."  *Id.* at p. 4 (relief for sought violations of theft of property and violence upon [Howell]).  *Id.*

On July 25, 2022, plaintiff filed a pleading titled "motion for correction of clerical errors / motion to suspend, alter or amend."  *See* Docket No. 4. Plaintiff states in the opening paragraph of the motion that he is "proceeding pursuant to **28 USC 1914**, not **28 USC 1915** [because he is] **not a**

**prisoner under the Prisoner Litigation Reform Act**." *Id.* [emphasis in original]. The remainder of the motion concerns pleadings and docket entries in several of plaintiff's other cases.[2] *Id.*

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A party filing a civil action must either pay a $350.00 filing fee and $52 administrative fee or file an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) ($350.00 filing fee for civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Here, Howell filed an application to proceed without prepaying fees or costs. *See* Docket No. 2. Based upon Howell's financial disclosures, he will be permitted to proceed *in forma pauperis*.

In his motion for correction of clerical errors, Howell objects to the court's use of the term "*in forma pauperis*" to this and other actions because he is not a prisoner. Howell is under the mistaken impression that that the phrase "*in forma pauperis*" applies only to prisoner cases. For non-prisoner plaintiffs who are allowed to proceed *in forma pauperis* (i.e., without prepayment of the filing fee), the $350 statutory and $52

---

[2] Plaintiff was previously advised to identify only one case number on each document that he submits to the clerk for filing. *See Howell v. Dep't of Hous. and Cmty. Dev.*, No. 21-11978-ADB, 2022 WL 1064065, at *1 (D. Mass. Apr. 7, 2022).

administrative filing fees, *see* 28 U.S.C. §§ 1914(a), (b) are waived. In contrast, plaintiff prisoners who are allowed to proceed *in forma pauperis* (i.e., without prepayment of the filing fee), must pay the $350 statutory filing fee over time. *See* 28 U.S.C. § 1915(b). Thus, the motion for correction of clerical errors will be denied.

## PRELIMINARY SCREENING

Because Howell is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction … a short and plain statement of the claim showing that the pleader is entitled to relief; and … a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(l)-(3). This statement must "'give the defendant fair notice of what the … claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) ). It must afford the defendants a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995) ). The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.

While Rule 18(a) of the Federal Rules of Civil Procedure permits Howell "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." *Chase v. Chafee*, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); *see Spencer v. Bender*, No. 08–11528–RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Because Howell is proceeding *pro se*, the court must generously construe the arguments in his complaint. *Bahiakina v. U.S. Postal Serv.*, 102 F. Supp. 3d 369, 371 (D. Mass. 2015) ("[A] document filed *pro se* is to be liberally construed...." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). However, a *pro se* litigant still must comply with procedural and substantive law. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

7

DISCUSSION

Even with a liberal reading of the complaint, the factual allegations are too vague and conclusory to meet the standards set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff's factual allegations are insufficient to establish a violation of any of the statutes referenced in the complaint.  Plaintiff has not stated enough facts to allow the court to draw the reasonable inference that any of the defendants are liable under the referenced statutes.

To the extent Howell brings suit against Verizon and Planet Fitness pursuant to 42 U.S.C. § 1983, these defendants are not persons and are not government actors alleged to have acted under state law.  *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir. 1994)  (Section 1983 claim must allege that a person or persons acting under color of state law deprived plaintiff of a federal constitutional or statutory right).

To the extent Howell brings suit against the Boston Police Department, it is not a suable entity pursuant to 42 U.S.C. § 1983. *See Henschel v. Worcester Police Dep't*, 445 F.2d 624, 624 (1st Cir. 1971) (explaining that "the Police Department [is not] a suable entity"); *Stratton v. City of Bos.*, 731 F. Supp. 42, 46 (D. Mass. 1989) ("[T]he [Boston] Police Department is not an independent legal entity. It is a department of the

City of Boston."). To the extent the claims are construed as to the City of Boston, there are no factual allegations in the complaint to suggest that a municipal policy, custom or practice caused a violation of plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (Section 1983 does impose "liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."). Moreover, the actions of individual law enforcement officers are insufficient to establish the existence of an official policy. *See Welch v. Ciampa*, 542 F.3d 927, 942 (1st Cir. 2008)

To the extent Howell complains that the Department of Justice, and others, failed to "respond and neglected over 780 complaints," *see* Compl. at p. 1 at ¶ 4, a federal agency is not a proper party in a *Bivens* action[3], *see* Federal Deposition Ins. Corp. v. Meyer, 114 S.Ct. 996 (1994), or a FTCA suit[4], *see Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181

---

[3] In *Bivens*, the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). The Supreme Court recently held that courts may not imply a cause of action under Bivens "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert v. Boule*, No. 21-147, 2022 WL 2056291 (U.S. June 8, 2022) (citation and quotation omitted).

9

(5th Cir. 1988)." *Hooker v. Supreme Court United States*, No. 04-3454, 2005 WL 8173979, at *3 (E.D.La. 2005).

PLAINTIFF MAY ELECT TO FILE AN AMENDED COMPLAINT

If Howell wishes to proceed with this action, he must plead facts sufficient to state a claim upon which relief may be granted. Any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure and must set forth a plausible claim upon which relief may be granted. Plaintiff is informed that an amended complaint completely replaces the original complaint, *see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011), and thus must stand on its own, without reference to the original complaint. If an amended complaint is filed, it will be further screened. Failure to do so

---

4 The Federal Tort Claims Act ("FTCA") is a limited waiver of the federal government's immunity from tort lawsuits, allowing plaintiffs to sue the federal government "for money damages ... [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

10

will result in dismissal.

## ORDER

Accordingly, for the reasons stated herein:

1. Plaintiff's motion for leave to proceed *in forma pauperis* is ALLOWED.

2. Plaintiff's motion for correction of clerical errors is DENIED.

3. If plaintiff elects to proceed with this action, he must file an amended complaint setting forth a plausible claim upon which relief may be granted. Failure to timely comply with these directives within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE